UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN RODGERS, an individual,

Plaintiff,

v.

CITY OF RENTON, *et al.*,

Defendants.

No. 2:26-cv-00293-JHC

ORDER

**I**

**INTRODUCTION**

This matter comes before the Court on pro se Plaintiff's Motion for Leave to File First Amended Complaint.  Dkt. # 13.  The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the applicable law.  Being fully advised, for the reasons below, the Court GRANTS the motion.

**II**

**DISCUSSION**

Federal Rule of Civil Procedure 15 states that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting

ORDER
(No. 2:26-cv-00293-JHC) - 1

amendment.  Fed R. Civ. P. 15(a); *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).  The Ninth Circuit has even said that Rule 15(a) should be applied with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam).  And it has said that leave to amend "should be granted more liberally to pro se plaintiffs." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004).

Under Rule 15(a), courts consider several factors, including: (1) bad faith; (2) undue delay; (3) repeated failure to cure deficiencies in previously allowed amended complaints; (4) prejudice to the opposing party; (5) futility; and (6) whether the party has been previously granted leave to amend.  *Id.* at 1052.  This analysis should generally "be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

But not all Rule 15(a) factors bear the same weight; it is the consideration of undue prejudice that is the "touchstone of the inquiry under Rule 15(a)." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).  Without prejudice, or a very strong showing of any of the remaining factors, there is a presumption in favor of granting leave to amend.  *Eminence*, 316 F.3d at 1052.  And the party opposing amendment "bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Here, Defendants do not purport to show bad faith, undue delay, repeated failure to cure deficiencies in previously allowed amended complaints, or prejudice.  Thus, all those factors favor amendment.

Instead, Defendants argue futility.  For example, they claim absolute immunity as to the prosecutor defendants.  The existence of absolute prosecutorial immunity is evaluated based on "the nature of the function performed, not the identity of the actor who performed it." *Kalina v.*

ORDER
(No. 2:26-cv-00293-JHC) - 2

*Fletcher*, 522 U.S. 118, 127 (1997) (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). Defendants bear the burden of showing that the prosecutors are entitled to such immunity because they were "acting in a prosecutorial role." *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012); *see also id.* ("absolute immunity is an extreme remedy, and it is justified only where 'any lesser degree of immunity could impair the judicial process itself'" (quoting *Kalina*, 522 U.S. at 127)). The question is whether Plaintiff is suing prosecutors for alleged conduct beyond simply the "traditional functions" of a prosecuting attorney. *See Kalina*, 522 U.S. at 125, 129 (absolute immunity applies when prosecutors are "performing traditional functions," including "the preparation and filing" of "charging documents" like an "information" and a "motion for an arrest warrant"). Viewing the proposed first amended complaint in the light most favorable to Plaintiff, it is not readily apparent to the Court that only traditional prosecutorial functions are alleged. But this issue is not extensively briefed; perhaps it will be in a forthcoming motion to dismiss (same with the claims against the public defenders). And so the Court is unable to conclude that amendment would be futile.

Thus, given (1) the extremely liberal standard for allowing amendments, especially for pro se plaintiffs; (2) that five of the six Rule 15(a) factors support amendment, including the most important—lack of prejudice; and (3) that absolute immunity is an extreme remedy, the Court is inclined to allow amendment.

### III

#### CONCLUSION

For all these reasons, the Court GRANTS the motion. Plaintiff may file the first amended complaint on or before Tuesday, April 7, 2026.

//

ORDER
(No. 2:26-cv-00293-JHC) - 3

DATED this 24th day of March, 2026.

John H. Chun
United States District Judge

ORDER
(No. 2:26-cv-00293-JHC) - 4